**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No.: 1:09-CR-15** |
| ) | |
| **MARVELL MOORE** ) | |

**OPINION AND ORDER**

This matter is before the court for resolution of issues relating to the sentencing of the defendant, Marvell Moore ("Moore"). Moore filed a Sentencing Memorandum on December 30, 2009. Docket at 38. The court held a sentencing hearing on January 4, 2010, at which the defendant and the government were afforded an opportunity to present oral argument to support their respective positions concerning sentencing. The court also received a statement from the defendant pursuant to Fed.R.Crim.P. 32(i)(4).[1] On January 5, 2010, Moore submitted a Supplemental Sentencing Memorandum. Docket at 40. While the United States of America ("the government") did not file a responsive brief, the assistant United States Attorney presented the government's position regarding sentencing during oral argument. Having considered Moore's filings, his written statement and allocution to the court, the arguments of counsel, and the detailed Presentence Investigation Report, the court determines that Moore will be sentenced to a term of imprisonment of 42 months.

---

[1] Rule 32 of the Federal Rules of Criminal Procedure provides that a court shall hear argument from counsel for the defense and counsel for the government prior to imposing sentence. It also provides that a defendant has the right to address the court prior to sentencing, should he or she wish to do so. In this instance, Moore presented the court with a written statement, which has been filed of record. He also addressed the court during the hearing and expressed remorse for his offenses.

## DISCUSSION

Moore was indicted on January 28, 2009, and charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Docket at 1. Moore eventually entered into a plea agreement with the government. Docket at 32. Pursuant to that agreement, Moore pleaded guilty to the single count Indictment on September 23, 2009. Docket at 34. The U.S. Probation Office prepared a detailed Presentence Investigation Report ("PSIR") and determined that Moore had a total Offense Level of 17 and a Criminal History Category of VI pursuant to the United States Sentencing Guidelines ("U.S.S.G."). As a result of these calculations, Moore faces a term of imprisonment of between 51 and 63 months, which is the advisory guideline range. The government contends that Moore should be sentenced to the low end of that range, i.e., 51 months. Moore contends, however, that his Criminal History calculation overstates his criminal record and that he should be sentenced to a period of imprisonment between 37 and 46 months.

In his briefs, Moore argues that "he should have no more than 14 criminal history points under the sentencing guidelines." Defendant's Sentencing Memorandum, p. 3. Moore urges the court to exercise its discretion under 18 U.S.C. § 3553 to "ascribe a lesser 'value' to [his] five . . . misdemeanor offenses[,]" thereby reducing his criminal history from a category VI to a category IV. *Id*. Moore claims that since he is in the highest criminal history category, it "is akin to a career criminal [status and] is far greater than necessary for an individual with one felony conviction and a misdemeanor record such as Mr. Moore's." *Id*. It is undisputed that Moore's criminal history includes, as he states, five misdemeanor convictions but only one

2

felony conviction. Due to the manner in which points are assigned to each of those convictions under the Sentencing Guidelines, Moore ends up in the highest possible criminal history category, which he argues overstates the seriousness of his criminal record.

The government, during oral argument, pointed out that Moore's criminal history points under the guidelines were not simply the result of his one felony and five misdemeanor convictions. Rather, his criminal history calculation is high because he committed several of his misdemeanor offenses while still on probation for a prior offense. For example, Moore would have been assigned only one criminal history point for some of his state court misdemeanor convictions except for the fact that some of his offenses were committed while he was on probation for a prior offense. As a result, pursuant to U.S.S.G. § 4A1.1, an additional criminal history point was assigned. The government's position, as expressed at the hearing, is that Moore's criminal history is not overstated since some of the criminal history points he received were the result of his own inability or refusal to comply with the terms of his state court probation.

The government makes a valid point. The Sentencing Guidelines are specifically designed to increase a defendant's criminal history calculation when he compounds his offenses by failing to adhere to terms imposed on him in probation proceedings. On the other hand, Moore also raises a valid issue by pointing out that he "received two (2) additional criminal history points for the mere fact that in each case, he received a sixty (60) day jail commitment. Any lesser sentence in any of those matters would result in only one (1) criminal history point. Obviously, the cumulative effect is the difference between ten (10) criminal history category points and five (5)." Defendant's Memorandum, p. 2. Moore's criminal history category under

3

the Sentencing Guidelines, then, is considerably higher than it might have been simply because the state court sentenced him to 60-day jail commitments. Essentially, Moore is arguing that this is a sort of statistical anomaly that had nothing to do with the nature of the underlying misdemeanor offenses.

The task before the court in every criminal case is to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553. In order to accomplish this goal, § 3553 states that the sentencing court should consider the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
>
> . . .
>
> (4) [the advisory guideline range];
> (5) any pertinent policy statement issued by the Sentencing Commission . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(7). The task then, is for the sentencing court to decide what constitutes a sentence that is "sufficient" while "not greater than necessary" to accomplish the traditional goals of criminal sentencing. But that seemingly straightforward language belies the difficult nature of the task facing a court when it is determining what sentence to impose on a criminal

4

defendant. When imposing a term of imprisonment on a defendant, the court must decide, to the best of its ability based on the circumstances of each case, how long that defendant should be deprived of his or her freedom so as to punish the defendant for having committed a serious offense and prevent the defendant from committing offenses in the future. This aspect of sentencing, of course, is aimed at accomplishing the goals of "punishment," "deterrence," and "rehabilitation," three of the important goals of criminal sentencing.

In this case, the court concludes that Moore raises a legitimate sentencing issue concerning his criminal history. As stated, Moore is in a Criminal History Category VI–the highest possible category under the Sentencing Guidelines. But as he points out, his record consists of five misdemeanor offenses and only one prior felony (for possession of 0.8 grams of cocaine). While this criminal record is disconcerting, it is far less egregious than the criminal records of many of the defendants who come before this court, many of whom do in fact fall into lower Criminal History Categories. For this reason, the court agrees that Moore's Criminal History Category is somewhat overstated and a variance in his sentence from 51 months to 42 months is warranted. This downward variance of nine months recognizes that Moore's past criminal record is overstated to some extent. At the same time, in order to punish Moore for his present offense of being a felon in possession of a firearm–a very serious offense–and accomplish the other traditional goals of criminal sentencing, the court refuses to impose a sentence as low as 37 months as Moore urges.

**CONCLUSION**

For the reasons discussed above, the defendant, Marvell Moore, will be sentenced to a term of imprisonment of 42 months.

Date: January 7, 2010.

     /s/   William C. Lee
     William C. Lee, Judge
     United States District Court
     Northern District of Indiana